So Ordered.

*Patricia C. Williams*
**Patricia C. Williams**
**Bankruptcy Judge**

**Dated: November 30th, 2012**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| In re: | ) | |
| LLS AMERICA, LLC, | ) | No. 09-06194-PCW11 |
| Debtor. | ) | |
| | ) | |
| BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC, | ) | |
| Plaintiff, | ) | Adv. No. 11-80157-PCW |
| vs. | ) | |
| TIMOTHY HESS and KARREN HESS, | ) | MEMORANDUM DECISION RE: DEFENDANTS TIMOTHY AND KARREN HESS' MOTION TO DISMISS (ECF NO. 6) |
| Defendants. | ) | |

This adversary is one of hundreds commenced by the trustee of the LLS America, LLC ("LLS America") bankruptcy estate, which adversaries seek, pursuant to 11 U.S.C. § 548 and other causes of action, to recover money paid by the debtor to certain lenders or investors as part of an alleged Ponzi scheme conducted by the debtor. Defendants Timothy and Karren Hess filed a motion to dismiss on June 26, 2012, ECF No. 6.

In a similar adversary, *Kriegman v. Cooper*, No. 11-80093-PCW, an oral decision

MEMORANDUM DECISION RE: . . . - Page 1

was rendered on May 24, 2012, ECF No. 118, on the issue of pleading fraud with particularity, and a written decision was entered on July 2, 2012, ECF No. 146, regarding the following issues: 1) lack of personal jurisdiction; 2) ineffective service of process; and 3) the improper imposition of United States bankruptcy law (collectively, the "Previous Decision").

The grounds for dismissal in the subject motion are: (1) ineffective service of process by mail; (2) improper extraterritorial application of United States bankruptcy law; and (3) failure to state the alleged fraud with particularity as required by Fed. R. Civ. P. (9)(b). With the exception noted below, the reasoning regarding the denial of dismissal based on those grounds is set forth in the Previous Decision and applicable to the subject motion.

The defendants in the subject motion seek dismissal on the basis of insufficiency of service of process upon their residence under Fed. R. Bankr. P. 7004. Defendants, who filed a proof of claim on November 19, 2009 (Claim No. 210), also filed an answer on August 22, 2011 (ECF No. 3). The official proof of claim form required by Fed. R. Bankr. P. 9009 requires the claimant to list an address "where notices are to be sent." It has long been recognized that an objection to a proof of claim or communications specifically relating to the proof of claim must be served on the notice address listed on the proof of claim. *In re Barker*, 306 B.R. 339 (Bankr. E.D. Cal. 2004). However, Fed. R. Bankr. P. 7004 governs adversary proceedings. It allows service of a complaint by first class mail to "the individual's dwelling house or usual place of abode" or place of business. The question presented in this situation is whether service of an adversary complaint to the address listed for notices in the proof of claim satisfies the requirements of Fed. R. Bankr. P. 7004. The conclusion is that if the notice address on the proof of claim is not the dwelling or usual place of abode or business of the defendant, service of the adversary complaint is not effective.

Fed. R. Bankr. P. 7012 incorporates by reference Fed. R. Civ. P. 12(b). The defenses referenced therein, i.e., a lack of jurisdiction over the person, insufficiency of

process, or insufficiency of service of process, are waived if they are neither raised by motion as required by the rule nor included in a responsive pleading. Having failed to assert the Fed. R. Civ. P. 12(b) defenses in either the answer or in a pre-answer motion to dismiss, defendants have waived them. *In re Roberts*, 331 B.R. 876 (B.A.P. 9th Cir. 2005). This is true regardless of the fact that said defendants filed the answer pro se. In *Lewis v. Countrywide Home Loans*, 2009 WL 2777005 (E.D. Mich. 2009), at p. 2:

> A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, *pro se* status does not exempt the litigant from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir.1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981). The Court will review Plaintiff's claims under this liberal standard.

Having reviewed the defendants' two page answer, the court finds nothing in it from which to extrapolate an attempt to articulate any of the mandatory defenses required in Fed. R. Civ. P. 12(b). Although said defendants are now represented by counsel, the defenses have been waived.

Defendants' motion to dismiss is **DENIED**. Counsel for the defendants shall submit an order consistent with this decision.

///END OF MEMORANDUM DECISION///